## MILLER & ENGLISH v. SIMS BROS.

(No. 2094.)

APPEAL from Navarro County. · Opinion by HURT, J.

FROST, BARRY & LEE, counsel for appellants.

READ, GREER & GREER, counsel for appellees.

§ 65. *Trespass; a levy upon land is not such a tort as will entitle the owner to damages; case stated.* Miller & English sued out an attachment against the property of Hollinger & Sims, and caused the same to be levied by one Cubley, a deputy sheriff, upon certain land belonging to Sims Bros., upon which land they had a mill and gin in operation. In making the levy the officer did not go upon the land, but he forbid Sims Bros. from operating said mill and gin. Sims· Bros., on several occasions, applied to said officer for permission to operate said mill and gin, which permission he refused. They brought this suit against Miller & English and said officer, Cubley, to recover damages by reason of said levy, etc., and recovered judgment for $378.75 for loss of profits and injury to machinery while the mill and gin were idle. Said property was not sold under said attachment. *Held*, under our statute to make a levy on real estate, it is not necessary for the officer to enter upon and take possession of the property. All that is requisite to constitute a valid levy is for the officer to indorse the same on the writ. [R. S. art. 2291; Hancock v. Bridges, 6 Tex. 479.] A trespass upon real property is "any unauthorized *entry* upon the realty of another to the damage thereof, or resulting in damage to the owner or to his business. There

must be an entry upon the land to constitute a trespass upon real property. In this case the officer did not enter upon the premises, nor were Sims Bros. ousted or dispossessed of the premises by the officer. The officer merely indorsed the levy upon the writ, leaving them in possession of the property, with full power and right to operate the mill and gin. They needed no permission from the officer to entitle them to operate their mill and gin, and he had no authority whatever to deny them the right to do so. They must be presumed to know their legal rights, and they should not have regarded the injunction of the officer to not operate the mill and gin. Even if said officer had threatened to arrest and imprison them in case they should operate said mill and gin, still there would have been no such trespass as would entitle them to damages. [Cooley on Torts, 29.] As the case is presented here, appellees have shown no cause of action for the damages awarded them.

December 16, 1885.          Reversed and remanded.